Cokway B, J. This was an' action of replevin for a mahogany bedstead. The defendant below pled in abatement, that plaintiff sued out his writ without filing the requisite affidavit. The plaintiff moved to have the plea stricken from the files because not verified by affidavit, and the motion was sustained. The defendant excepted and rested upon his exception. An interlocutory judgment was then given against him, and a jury impanneled to assess the damages. On their finding, final judgment was rendered against defendant, and he has brought error. The affidavit prescribed by the statute, is requisite prior to the issuance of the writ, and if it be shown to the court that the writ was issued without such affidavit having been made an abatement of the suit will be adjudged. But this must be made to appear according to the rules of pleading, or the court cannot legitimately take cognizance of the fact. The statute says, “no plea in abatement, other than a plea to the jurisdiction of the court, or where the truth of such plea appears of record, shall be admitted or received by any court in this State unless the party offering the same or some person for him shall make affidavit of the truth thereof.” The plea in this case was not sworn to, and as its truth did not appear of record, it was inadmissible, and properly stricken from the files. The affidavit upon which a writ of attachment issues, is no part of the record. Jones et al. v. Buzzard & Herndon, 2 Ark. Rep. 443; nothing except the proceedings or facts the law or practice of the courts requires to be enrolled as a perpetual memorial or judicial history of the case, constitutes or forms a part of the record. Montgomery v. Carpenter, 5 Ark. Rep. 264. We perceive no force in the objection to the court admitting testimony of the damage sustained by defendant below taking the bedstead. Such proof is certainly competent when the declaration is in the cepit, as it was in this case. The judgment is in all things affirmed.