### WARD v. KOHN et al.

(Circuit Court of Appeals, Eighth Circuit. November 13, 1893.)

No. 319.

1. ATTORNEY AND CLIENT—ACTION FOR SERVICES—EVIDENCE.

In an action by an attorney residing in a large city to recover for professional services rendered therein, testimony as to the value of similar services in a small city in another state, after proof that the fees usually obtained were the same in both places, is secondary evidence, and as such is inadmissible.

2. SAME.

Such evidence is likewise immaterial where uncontradicted evidence has been given of the established and usual charges for such services at the place of their rendition.

3. SAME—PROVINCE OF JURY.

In an action by an attorney to recover compensation for professional services on the quantum meruit, the financial ability of the defendant may be considered by the jury; not to enhance the fees above a reasonable compensation, but to determine whether or not he is able to pay a fair and just compensation for the services rendered.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

At Law. Action by Aaron Kohn and others, attorneys, and copartners under the firm name of Kohn, Baird & Speckert, against Zeb Ward, for professional services. Judgment for plaintiffs. Defendant brings error. Affirmed.

John W. Blackwood and J. E. Williams, for plaintiff in error.

U. M. Rose, W. E. Hemingway, and G. B. Rose, for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges.

SANBORN, Circuit Judge. In 1890, Zeb Ward, the plaintiff in error, employed Mr. Aaron Kohn, of the firm of attorneys styled Kohn, Baird & Speckert, the defendants in error, to assist in defending him against several indictments found against him in the Jefferson county circuit court at the city of Louisville, in the state of Kentucky, and to assist him in the conduct of a certain civil action in which he was interested in that city. These indictments and this action grew out of a charge against the plaintiff in error, who had a contract with the city of Louisville, that he had conspired to defraud and had defrauded that city out of $53,000. He was successfully defended against this charge, but declined to pay Mr. Kohn or his firm for his services. Mr. Kohn was a practicing lawyer, residing in Louisville, and the services were all rendered in that city. There was no contract fixing the compensation this attorney was to receive, and the defendants in error brought an action in the court below for the amount he deserved, and recovered a judgment on the verdict of a jury.

The first error assigned is that the court rejected the testimony of attorneys as to the value of such services as those of Mr. Kohn in the city of Little Rock, in the state of Arkansas, after it had been proved by the testimony of several lawyers that the fees usually obtained by attorneys in Little Rock were the same as those usually obtained by attorneys in Louisville. This ruling was correct. In the absence of a contract price, attorneys are entitled to receive what they deserve for their services. The amount of their compensation must vary with the place in which their services are rendered, for the same services are of more value in a large and prosperous commercial city than in a small country town; with the character and standing of the lawyer who renders them, for the services of an attorney of ripe experience, great learning, eminent ability, and high reputation deserve and command better compensation than those of the tyro in the profession; with the importance of the matters involved in the litigation, for the same services deserve more compensation where life, liberty, character, or large amounts of property are at stake than where but a few dollars are in dispute; and with the results attained, for success earns a better reward than failure. The amount that should be received by an attorney for his professional services in any case must be measured by the fees usually obtained by attorneys of similar experience and standing for like services in the same courts or in the same vicinity in which the services are rendered. Witnesses who know what the usual fees for such services are in the locality in which the services are rendered, and who are familiar with the character and standing of the attorney who renders them, and with the services he has rendered, are competent to give an opinion of the value of such services. The

record shows that several attorneys practicing in Louisville testified, in view of all the considerations to which we have adverted, what the customary charges and receipts of attorneys in Louisville were for like services to those rendered by Mr. Kohn, and what, in their opinion, a reasonable compensation for his services would be. No objection was taken, and there was no valid objection, to this testimony.    Louisville is a large city.    There could have been no difficulty in procuring many competent witnesses to prove the amounts usually obtained in that city by attorneys of the rank of Mr. Kohn for such professional services as he rendered to the plaintiff in error.    The testimony of such witnesses was the best evidence the subject permitted.    The testimony of the value of such services in Little Rock was at best but secondary evidence.    It was the opinion of one set of lawyers, based upon the opinion of other lawyers, that the usual charges for fees in the two cities were the same. Its admission would have been a violation of the fundamental rule that the best evidence attainable, to the exclusion of all secondary evidence, must be produced.    It could have been made competent only by proof that there were no customary charges for such services in Louisville, or that all the witnesses who knew the fees usually obtained for such services in that city and its vicinity were in some way incapacitated to testify.

Moreover, the testimony on which it was sought to base the rejected evidence was utterly immaterial.    It made no difference what the fees of attorneys in Little Rock were, as long as there was uncontradicted evidence that there were established and usual charges for such fees in Louisville.    Stanton v. Embrey, 93 U. S. 557; Elfelt v. Smith, 1 Minn. 125, (Gil. 101;) Vilas v. Downer, 21 Vt. 424; Grand Tower Co. v. Phillips, 23 Wall. 471; Durst v. Burton, 47 N. Y. 167; Jones v. Railway, 53 Ark. 27, 13 S. W. Rep. 416.

The counsel for plaintiff in error requested the court to instruct the jury that:

"No greater fee or amount would be reasonable against a wealthy man than a poor man for the same services, and you will not allow the wealth of the defendant to influence your finding as to what would be a reasonable fee for the services, unless the same increased or diminished the burden of the services of the plaintiffs."

They also requested the court to instruct the jury that:

"You will not allow the wealth of defendant to influence your finding as to what would be a reasonable fee for the services, unless the same increased or diminished the burden of the services of the plaintiffs."

The court refused to grant these requests, and instructed the jury as follows:

"The court instructs the jury that in ascertaining the reasonable value of the services of plaintiffs you will consider the nature of the litigation, the amounts involved, and the interest at stake, the capacity and fitness of plaintiffs for the required work, the services and labor rendered by plaintiffs, and the benefit, if any, derived by the defendant from the litigation; and you are further instructed to look to all of the evidence in the case, and to exercise your sound discretion and judgment thereon, and to allow plaintiffs such reasonable amount as you may believe from the evidence that they are justly entitled to, not to exceed the amount claimed in their complaint."

"(a) The plaintiffs are entitled to recover just such sum as Mr. Kohn's services, and no one else, was worth to the defendant, Zeb Ward, and to no one else, in the city of Louisville, and nowhere else, and in that particular case.

"(b) As to the wealth of the defendant, referred to in the case, the court has nothing to say except that when a party employs another he has a right to take into consideration the ability of the employer to pay.

"(c) A man that can and does demand and receive large fees by reason of his skill and ability in his profession has a right to demand more for his services than one that cannot.

"(d) You are not to be governed by hearsay evidence, but only by matters testified to that are known to the witnesses."

Counsel for plaintiff in error excepted to paragraphs a, b, c, and d of this charge.

From a deposition of William L. Jackson, Jr., the judge of the Jefferson county circuit court, before whom the indictments were pending, the following question and answer were read to the jury in the trial without objection.

"Q. I will ask you, judge, whether or not fees of an attorney at law are gauged and estimated by the amount of time actually consumed, either in the court or in the preparation of the case. A. I have not so understood it. I have understood that the fees were regulated by the ability of the lawyers, and the skill required in the management of the cases, and the ability of the defendant to pay a reasonable and fair compensation, and also from the results procured."

On cross-examination he testified:

"A. What influence upon your mind, in coming to the estimate of fees you have, did the financial condition of Col. Ward have? A. Oh, it has a very great effect. Of course, as practicing attorney myself, I know I always fix the fees in accordance with the services rendered, and the ability of my client to pay. Q. Well, in the case of a wealthy man, or a man who is not wealthy, would the actual labor and service of a lawyer be any more? A. No more at all. That would have been the same, and his duty as a lawyer would have been the same; but the ability of the client to pay would have made the services of the lawyer worth more. Q. Why? A. Well, that is just a general rule that attorneys have in fixing their fee, and I think a very good rule. Of course, as I say, his duty to a poor client is just the same as to a rich client, but the duty of the client to pay and the liability of the client to the lawyer becomes much greater in a rich than a poor man."

Several other lawyers testified on their cross-examination to the existence of this general rule in the city of Louisville, and this testimony was uncontradicted.

Under the evidence in this case we think it was not error for the court below to refuse to instruct the jury that the wealth of the defendant should have no influence in determining what would be reasonable compensation for the professional services of Mr. Kohn, and for these reasons:

First. It goes without saying that a larger amount is reasonable compensation for the same professional services where the amount at stake is $50,000 than where it is $50. It is also clear that a conviction under indictments charging the plaintiff in error with defrauding the city of Louisville of $53,000, was a far more serious matter to him if he was able to refund the money than it was if he was unable to respond in damages, for such a conviction

was morally certain to be followed by an action to recover the money. It follows that there was in reality $53,000 more involved in this litigation if the plaintiff in error was financially able to repay this amount than if he could repay none of it.

Second. It is proved by the evidence of Judge Jackson and of several eminent lawyers practicing in Louisville that it is the usual practice in that locality to consider the ability of clients to pay a fair and reasonable compensation in fixing the fees of attorneys for professional services; and as, under the law, the compensation Mr. Kohn deserves must be measured by the fees usually obtained by attorneys in that city for like services, we see no escape from the proposition that the jury were entitled, under this evidence, to weigh the same considerations ordinarily considered at Louisville in fixing the usual fees for such services.

The wealth of a defendant cannot be considered in any case to enhance the fee for professional services above a reasonable compensation for the service actually rendered. It cannot be considered to make a fee extortionate or a compensation unreasonably large. But every judge and every gentleman of the bar knows that much severe professional labor is rendered by practicing attorneys without any compensation, and much more for compensation so small as to be entirely inadequate. It is as difficult to defend the poor as the rich from a groundless charge of murder. It requires as much learning, labor, and professional skill to recover or save from attack property of little value, that may be the entire estate of the poor man, as it does to recover thousands of dollars for the wealthy. The duty of the lawyer to defend the former and maintain his rights is as great as it is to the latter, and to the honor of the profession it may be said that it is performed with equal zeal and fidelity. But it is the general practice of the gentlemen of the bar to fix the fees for such services far below a fair compensation or to charge no fee at all,—to measure their fees more by the inability of such a client to pay a fair compensation, or to pay at all, than by the value of the services they render. When, on the other hand, a client who has the means to pay what professional services are fairly worth employs an attorney, it is right and just that he should pay a fair and reasonable compensation for the service he obtains. In other words, the fees the attorney deserves from such a client should not be measured by the inadequate compensation and small fees the gentlemen of the bar usually receive from those who are unable to pay at all or to pay a fair compensation, but they should be measured by the fees usually obtained by attorneys for like services from those who are able to pay just compensation for the service rendered. In this sense it was not improper for the jury to consider the wealth of the plaintiff in error to determine whether he was financially able to fairly compensate Mr. Kohn for his services. This was the effect of the charge of the court, and we think it fairly presented the accepted rule upon this subject. The rule is well stated by Judge Jackson in his testimony quoted, supra. In Wilson v. Fowler, 3 Ark. 464, it appears that Mr. Albert Pike testified in that case "that fees of attorneys in criminal cases vary ac-

cording to the magnitude of the cause and the ability to pay." In Lombard v. Bayard, 1 Wall. Jr. 196, Judge Grier said:

"Every gentleman of the bar knows that there cannot be any one rule of charges in the nature of a horizontal tariff for all cases. Often, where the parties are poor, and the matter in contest is small, counsel receive but very inadequate compensation for their exertion of body and mind; and for myself I know that for some of the most severe labor of my professional life I have been the least well paid. In other cases, where the parties are wealthy, and the sum in controversy large, they will receive a tenfold greater compensation for a tithe of the same labor. In some cases the whole sum in dispute would be poor compensation. In others five per cent. of it will be very liberal. Hence, in all cases, professional compensation is gauged not so much by the amount of the labor as by the amount in controversy, the ability of the party, and the result of the effort; and this is perfectly just."

We think the true rule is that in an action by an attorney to recover compensation for professional services on the quantum meruit, the financial ability of the defendant may be considered by the jury, not to enhance the fees above a reasonable compensation, but to determine whether or not he is able to pay a fair and just compensation for the services rendered.

That there was no error in the other paragraphs of the charge to which exception was taken sufficiently appears from what we have already said.

An exception was taken by the plaintiff in error to the refusal of the court to give one other request to charge the jury, but an examination of the charge shows that the substance of that request was given by the court in another paragraph of the charge, and it is unnecessary to notice it further.

The judgment of the court below is affirmed, with costs.