COCO–COLA CO. v. MOORE et al.

(Circuit Court of Appeals, Eighth Circuit. March 24, 1919.)

No. 5205.

1. APPEAL AND ERROR ⊚⇒758(1)—NOTICE OF ERROR NOT SPECIFIED—PRESUMPTION AS TO EXAMINATION OF RECORD.

If the Circuit Court of Appeals concludes to notice a manifest error not specified according to rule No. 24 (188 Fed. xvi, 109 C. C. A. xvi), there is no implication that it has undertaken the task of going through the record and examining other errors not specified.

2. ATTORNEY AND CLIENT ⊚⇒166(3)—ACTION FOR COMPENSATION—EVIDENCE.

In suit for compensation as attorneys in defendant company's suit to restrain unfair trade competition by another firm, plaintiffs' evidence of the amount of business done by defendant company in the United States generally was properly admitted, not to show defendant's ability to pay, but as bearing on the results obtained by the litigation.

3. EVIDENCE ⊚⇒142(5)—SIMILAR FACTS—VALUE OF ATTORNEYS' SERVICES.

In an action by attorneys for compensation for services rendered defendant company in its suit to restrain unfair competition, defendant's evidence as to the compensation which it had paid attorneys in other actions was properly ruled out, as opening the door to the admission of collateral issues, and also as possibly based on specific contracts.

4. EVIDENCE ⊚⇒487, 543(2)—OPINION OF LAYMEN—VALUE OF LEGAL SERVICES.

The officers of a corporation which employed attorneys to conduct a suit to restrain unfair trade competition were not qualified as laymen to express an opinion as to the reasonable value of the services of counsel, for such evidence can be given only by members of the bar.

5. EVIDENCE ⊚⇒543(2), 572—EXPERT OPINION—VALUE OF ATTORNEYS' SERVICES—QUALIFICATIONS OF OTHER ATTORNEYS.

In an action by attorneys to recover for professional services rendered defendant company in conducting a suit to restrain unfair trade competition, evidence of attorneys who had not had experience in trade-mark or unfair competition cases was admissible on behalf of plaintiff attorneys; objection that such· witnesses were not qualified going to the weight, and not the admissibility, of the evidence.

6. EVIDENCE ⊚⇒543(2)—EXPERT OPINION—ATTORNEY'S FEES IN UNFAIR COMPETITION CASE.

In an action by attorneys for services rendered defendant company in suit to restrain unfair trade competition by another firm, testimony of three lawyers, experts in the field of trade-mark and unfair competition, and possessed of large experience in courts where such litigation is

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

carried on, was admissible on behalf of defendant company, though the attorneys knew nothing about the customary fees charged at the local bar of the small city where the case was tried.

**7. CUSTOMS AND USAGES ⬅12(1)—EFFECT ON CONTRACT—KNOWLEDGE OF PARTIES.**

In suit on an implied contract, a local custom cannot be given controlling force, unless shown to have been known to and contemplated by the parties at the time the services were rendered.

In Error to the District Court of the United States for the Eastern District of Arkansas; Frank A. Youmans, Judge.

Action by John M. Moore and others against the Coco-Cola Company. To review judgment for plaintiffs, defendant brings error. Reversed, with directions to grant new trial.

Elias Gates, of Memphis, Tenn. (Samuel Frauenthal, of Little Rock, Ark., on the brief), for plaintiff in error.

Charles C. Reid, of Little Rock, Ark., for defendants in error.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. The plaintiffs, Moore et al., sued defendant, Coco-Cola Company, to recover compensation as attorneys. The case has been here before, and was reversed because of improper rulings on questions of evidence. 246 Fed. 942, 159 C. C. A. 214. It was again tried and comes here now upon the same class of errors, namely, rulings upon the receipt or rejection of evidence.

[1] On the former review the brief of the plaintiff in error, the Coco-Cola Company, contained no specification of the errors relied upon, as required by our rule 24. 188 Fed. xvi, 109 C. C. A. xvi. Notwithstanding this omission we decided to notice a manifest error of so grave a character that we thought it ought not to be passed by, notwithstanding the failure to comply with the rule. It is now insisted that as to all questions involved in the former record as to which we expressed no opinion, our silence should be interpreted as a holding that we had examined them and found them to be without merit. There is no justification for this inference. If a court concludes to notice a manifest error not specified according to the rules, there is no implication that it has undertaken the task of going through the record and examining other errors which had not been specified. We will therefore proceed to consider the errors which have been properly specified on the present review.

[2] Plaintiffs offered evidence of the amount of business done by the defendant in the United States generally, and it was received over defendant's objection. The ruling was proper. The evidence was not offered for the purpose of showing defendant's ability to pay, but as bearing upon the results obtained by the litigation. The original suit was brought to restrain unfair trade competition by the firm of Butler Bros., and a decree was obtained restraining them from the practices complained of. This decision had great value to the com-

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pany, regardless of the amount of damage inflicted by the wrongful conduct of Butler Bros. It established the company's trade rights, and was an important precedent condemning the practices of all who infringed those rights. While the decree would not be res adjudicata as against other wrongdoers, its effect in the business world would be highly beneficial. The result is akin to a decree in a patent case sustaining the patent, and adjudging a defendant guilty of infringement. The amount involved in the particular case may be insignificant, but the decree sustaining the patent, and condemning the infringement is of great value in other jurisdictions where the injury to the patentee's right may involve large values.

[3, 4] Defendant offered evidence as to the compensation which it had paid to attorneys in other actions. This evidence was properly ruled out. It could not have been received without giving right to an inquiry into all the suits in which the services were performed. That would have involved the case upon trial in collateral issues. The compensation also may have been based upon specific contracts, and would thus be wholly irrelevant in determining what was the reasonable value of services rendered upon quantum meruit. It is likewise true that the defendant's officers were not qualified as laymen to express an opinion as to the reasonable value of the services of counsel. Such evidence can only be given by members of the bar. Howell v. Smith, 108 Mich. 350, 66 N. W. 218; Hart v. Vidal, 6 Cal. 56; Chamberlayne on Evidence, § 2163.

[5] Plaintiffs offered evidence of attorneys who had not had experience in trade-mark or unfair competition cases. This was objected to upon the ground that such attorneys were not qualified to give opinions as to the reasonable value of attorney's fees in such litigation. The court overruled the objection, and received the evidence. The ruling was proper. The objection went to the weight of the evidence, and not to its admissibility. When the nature of the action, the time devoted to it, the amount involved, the results obtained, and other like factors proper for consideration in fixing the compensation of attorneys, are stated, any member of the bar, in good standing, may testify as an expert as to what would be a reasonable compensation for the services performed, although the witness has never had experience in the same field of litigation. Such experience would add to the weight of his evidence, but the want of it does not render his opinion incompetent.

[6, 7] Defendant offered the evidence of three lawyers, one from New York, one from Chicago, and one from Washington. They were experts in the field of trade-mark and unfair competition, and possessed of large experience in courts where such litigation is in the main carried on. They knew nothing about the customary fees charged at the local bar of Little Rock, Ark., where the case was tried, in which plaintiffs rendered the services sued for. The evidence was objected to on the ground that the witnesses were not shown to be familiar with the fees charged at Little Rock, and for that reason were disqualified. The objection was sustained. We think the ruling was erroneous and highly prejudicial. There had been little, if any, litigation in unfair competition cases at Little Rock. No cus-

tomary fee for such services had been established there as the result of experience. It is well know that litigation of this kind is mainly confined to large commercial centers. It has come to be regarded as a distinct branch of the law, and, like patent law, is largely in the hands of a distinct class of practitioners. Litigation of this kind is national, and not local. To confine testimony in such a case to what is usual in the community is simply to deny one of the valuable sources of information. Knowledge of the usual compensation paid for such service can only be learned from those who live in the centers where such litigation is most frequent, and to deny a litigant the right to produce the testimony of persons having that kind of qualification is to substitute theory for experience. It is claimed that the ruling is based upon Ward v. Kohn, 58 Fed. 462, 7 C. C. A. 314. Such a view divorces the opinion from its facts. The services sued for there were rendered in a criminal case at Louisville, Ky. The reasonableness of plaintiffs' compensation had been testified to by eminent members of the bar of that city. Defendant offered evidence of lawyers residing in Little Rock, Ark., who had no knowledge of the usual fees in Louisville. This evidence was excluded, and what is said in the Ward Case is based upon the remoteness geographically of the two cities, and the wide difference in the fees of lawyers in what was then a provincial town like Little Rock, as compared with the usual compensation in a large commercial city like Louisville. The language of the opinion cannot be separated from the facts of the case. Northern Pacific Ry. Co. v. N. A. Tel. Co., 230 Fed. 347, 355, 144 C. C. A. 489, L. R. A. 1916E, 572; King v. Pomeroy, 121 Fed. 287, 294, 58 C. C. A. 209. Here the litigation is entirely different. It is not local, but national, and is conducted mainly by specialists, and their judgment is the best evidence as to what is reasonable compensation for such services. We do not understand that the decision in Ward v. Kohn was intended to limit testimony to lawyers of the particular city in which the services were rendered. There would be distinct objections to such a rule. When plaintiffs are eminent members of the bar, their brethren of the same bar are reluctant to give evidence against them in a suit for their compensation. Esprit du corps is a factor in such cases which courts cannot disregard. In the medical profession it is considered unprofessional for one doctor to testify against another in civil litigation. If the defendant in the Kohn Case had offered evidence of members of the bar in Cincinnati, Ohio, or Nashville, Tenn., or possibly St. Louis, Mo., who showed themselves to be familiar with the usual compensation paid for services, such as the plaintiffs were suing for, and the evidence had been rejected because the witnesses were not members of the Louisville bar, it would probably have been error to exclude the evidence. In suits on implied contract a local custom cannot be given controlling force unless it is shown to have been known to and contemplated by the parties at the time the services were rendered. Bowling v. Harrison, 6 How. 248, 12 L. Ed. 425; Chicago, Milwaukee & St. P. Ry. Co. v. Lindeman, 143 Fed. 946, 949, 75 C. C. A. 18. In this day of mobile judges and lawyers, the bar of a city cannot establish a market

644 256 FEDERAL REPORTER

overt for professional services and require all comers to take notice of their local customs.

The judgment is reversed, with directions to grant a new trial.