MERLIN A. PERKINS, assignee, *vs.* DELLA ELIZABETH
D. BLAKE.

Suffolk.     April 15, 1975. — August 11, 1975.

Present: HALE, C.J., KEVILLE, & GOODMAN, JJ.

*Attorney at Law,* Compensation.     *Evidence,* Of value of services; Opin-
ion: expert.     *Practice, Civil,* Requests, rulings and instructions.

In an action by two attorneys to recover a fee for legal services ren-
dered to a client in a separate support proceeding, defendant's set-
tlement agreement and divorce decree were properly admitted in
evidence, even though the defendant had dismissed counsel prior to
entering into the settlement agreement, where there was evidence
that the attorneys had been instrumental in convincing the defend-
ant's husband to offer a settlement agreement acceptable to the
defendant. [417-418]

In an action by two attorneys to recover a fee for representing the
defendant in a separate support proceeding, evidence that the at-
torneys had been instrumental in convincing the defendant's hus-
band to offer a settlement agreement acceptable to the defendant
was sufficient to support the jury's award to the attorneys, even
though the defendant had dismissed the attorneys before obtaining
the settlement agreement and divorce decree. [418-419]

In an action by two attorneys to recover a fee for representing the
defendant in a separate support proceeding, there was no error in
admitting the attorneys' opinions of the value of their services, even
though one of the attorneys had limited experience in domestic re-
lations practice and did not assign precise time values to some of
his work. [419]

In an action by two attorneys to recover a fee there was no basis for
excluding expert opinion on the assumption that the expert was un-
familiar with the scale of legal fees in Springfield since the defend-
ant had retained one of the attorneys in Boston, where much of the
work on the case had been performed. [419]

In an action by two attorneys to recover a fee, admission in evidence
of the worksheet of one of the attorneys during the examination of
another witness was, if error, harmless, where the worksheet had
been prepared to expedite response to the defendant's motion for
specifications and where the two attorneys had been examined at
length by defense counsel about the nature and extent of their ser-
vices. [419]

CONTRACT.    Writ in the Superior Court dated August 5, 1969.

The action was tried before *Morse*, J.

*Bernard A. Dwork* for the defendant.

*Thomas D. Burns* for the plaintiff.

KEVILLE, J.    Among the plaintiff's assignors in this action of contract for legal services were Boston and Springfield attorneys (Meserve and Moynihan). The defendant engaged them to represent her in a marital dispute. This action was brought when she declined to pay their bill. A verdict was returned in their favor in the Superior Court for the full amount sought. The questions for decision are the correctness of certain evidentiary rulings made in the course of trial, the judge's denial of certain of the defendant's requests for instructions and the denial of the defendant's motions for a directed verdict and a new trial.

On the evidence the jury could have found that a few months before she engaged the services of Meserve and Moynihan she had been deserted by her husband after twenty years of marriage. After leaving her, her husband, although his assets were in excess of $26,000,000, embarked on a tactic of bringing her to heel by gradually reducing his contributions to her support in order to force her to relinquish the family home and its furnishings and to obtain her consent to a property settlement on his terms. Her extended efforts and those of her brother to reach a reasonable settlement with her husband had come to naught, and he remained intransigent in his refusal to deal with other counsel whom she had consulted.

Both Meserve and Moynihan, a Springfield attorney, were prominent trial counsel of wide experience. Meserve's versatility included experience in domestic relations and tax work and he had at hand the resources of a major Boston law firm of which he was a partner. They represented the defendant in her dispute with her husband for a period of fourteen months. On the eve of the date marked for trial of a separate support petition brought by them in the Probate Court in her behalf, she summarily dis-

charged them, executed a settlement agreement prepared by a lawyer selected by her husband and shortly thereafter obtained a Virgin Islands divorce pursuant to that agreement. The terms of the settlement were relatively much more generous to the defendant than were prior proposals made by her husband which she had found to be unacceptable. The settlement agreement gave her title to their home and its contents, an automobile, $600,000 and, in addition, the assurance of a $1,000,000 bequest from his estate should she survive him.

Central to several of the defendant's contentions is her claim of error in the admission in evidence of the settlement agreement and the divorce decree. She argues that since Meserve and Moynihan had been discharged prior to the execution of the agreement and the divorce, they had made no contribution to the end result, and that therefore it was error to have permitted the jury to consider the content of those documents in evaluating the services which they claimed to have performed in her behalf.

Prior to their dismissal, Meserve and Moynihan had obtained a temporary order for their client in the Probate Court which directed her husband, inter alia, to give her exclusive occupancy of the family home, with taxes and insurance thereon to be paid by him, an automobile, and support for her in the sum of $1,200 a month. Additionally, they obtained a court order restraining him from transferring or selling his stock, valued at several million dollars, in a corporation of which he and his brother were the sole stockholders. This maneuver had the effect of impeding a prospective public offering of a block of that stock and evoked a declaration in the Probate Court on the husband's part that he would set aside $1,000,000 for the defendant's security in the event that he should predecease her. His assurance was the quid pro quo for the release of the restraining order to free his stock for sale.

It becomes unnecessary for the purposes of this opinion to recite in greater detail the extent of Meserve's and Moynihan's efforts in the defendant's behalf to force a reasonable response from her husband. Their task was made

more difficult not only because of his intractable attitude but because of her unreliability as well. There was evidence, for example, that she had assured counsel that she would reach no agreement with her husband without first consulting them.

Whether, as the defendant contends, Meserve, during his initial meeting with the defendant, had agreed to a maximum fee, which was markedly less than the bill later submitted to the defendant, was a question of credibility to be weighed and resolved by the jury. The fact that the defendant had dismissed counsel before settling with her husband did not foreclose them from asserting that, and the jury from considering whether, their efforts had been an efficient cause of the final result. *Elbaum* v. *Sullivan,* 344 Mass. 662, 666-667 (1962). The jury could have concluded that they had been instrumental in forcing her husband to abandon his parsimonious attitude toward the defendant and it would have been reasonable for them to have inferred that the prospect of again encountering Meserve and Moynihan in the court room had imbued him with a spirit of generosity toward her which theretofore had been lacking.

It was the function of the jury to determine whether Meserve's and Moynihan's charges for their services were fair and reasonable. The familiar criteria which form the basis for such an evaluation have been stated in *Cummings* v. *National Shawmut Bank,* 284 Mass. 563, 569 (1933). "In determining what is a fair and reasonable charge to be made by an attorney for his services many considerations are pertinent, including the ability and reputation of the attorney, the demand for his services by others, the amount and importance of the matter involved, the time spent, the prices usually charged for similar services by other attorneys in the same neighborhood, the amount of money or the value of the property affected by controversy, and the results secured. Neither the time spent nor any other single factor is necessarily decisive of what is to be considered as a fair and reasonable charge for such services." See generally, anno. 57 A.L.R. 3d 475, 482-487 (1974). We con-

clude that there was evidence to support the jury's award, and that the motion for a directed verdict was properly denied.

Since the settlement agreement and the divorce decree were properly admitted in evidence, the judge rightly permitted Meserve and Moynihan (and a third attorney, versed in domestic relations law) to give their opinions of the value of the services of counsel to the defendant based in part upon the results demonstrated by those documents. There was no error in the judge's refusal to exclude Moynihan's opinion for lack of qualification. His admittedly limited experience in domestic relations practice went to the weight rather than to the admissibility of his testimony. *Coca-Cola Co.* v. *Moore*, 256 Fed. 640, 642 (8th Cir. 1919). Nor did his inability to assign precise time values to some of his work for the defendant warrant the exclusion of his opinion. He had testified at length with respect to the work performed. The time expended was but one of several considerations properly forming the basis for such an opinion. *Cummings* v. *National Shawmut Bank*, 284 Mass. at 569. *McInerney* v. *Massasoit Greyhound Assn. Inc.* 359 Mass. 339, 352 (1971).

In the circumstances, where the defendant retained Boston counsel, much of whose work on the case was performed in Boston, there was no basis for excluding expert opinion on the assumption that the expert was unfamiliar with the scale of legal fees charged in the Springfield neighborhood. If there was error in the admission of Moynihan's worksheet during the examination of another witness, it was harmless. It had been prepared to expedite response to the defendant's motion for specifications which were before the jury and which contained much of the same information along with details of Meserve's work. Moreover, both Meserve and Moynihan had been examined at length by the defendant's counsel with respect to the nature and extent of their services.

There is no merit to the defendant's claim that the court erred in the denial of six of her requests for instructions. Request numbered two, alleging insufficiency of evidence

(improper in any event), has already been treated herein. The record demonstrates that, at the close of the judge's charge, defense counsel expressed satisfaction with the latter's coverage, in which we discern no error, of requests numbered six and nine. The remaining requests dealing with tax consequences arising from support payments were properly refused. Those consequences were undisputed and at most were only peripheral to the central issues before the jury, and the judge was not required to single out for comment that portion of the evidence. *Sullivan* v. *John Hancock Mut. Life Ins. Co.* 342 Mass. 649, 657 (1961).

Finally, although the defendant has not separately argued her exceptions to the denial of her motion for a new trial, it appears to have been based upon her assertion of insufficiency of admissible evidence. There was no error for reasons already discussed.

*Judgment is to be entered*
*on the verdict returned*
*by the jury.*