St. Louis, Iron Mountain & Southern Railway Company
v. Day.

Opinion delivered April 27, 1908.

1. Carriers—putting off · passenger beyond destination—damages.— Where the testimony shows that a passenger on a train, who was helpless from paralysis, was put off at a station beyond his destina-

tion in a rough and brutal manner, that he was seriously bruised, and that he suffered intensely from lying in a mud hole on a cold day, in consequence of which he had fever and was sick for two months, a verdict for $1,500 damages is not excessive.  (Page 107.)

2.  SAME—PASSENGER'S MENTAL CONDITION.—A railroad company is liable to a passenger, who was put off beyond his destination, for his physical suffering from the weather and for fatigue resulting from his attempting to walk back to his destination if his mental condition was such that he did not understand his situation.  (Page 107.)

3.  SAME.—Where a railway passenger brought suit for damages for being carried beyond his destination, and there was evidence both that he lacked the mental capacity to know what he was doing and that he was forcibly and brutally ejected from the train, it was not error to tell the jury that, if the conductor told him that if he would remain on the train until he got to a certain station, arrangements would be made to return him from there, and that he left the train *voluntarily* before reaching such station, then he could not recover on account of anything that occurred at the time and after he left the train.  (Page 108.)

4.  WITNESS—TERMINATION OF CROSS EXAMINATION.—It was not reversible error for the trial court to terminate a cross examination unless some arbitrary abuse of judicial discretion is shown.  (Page 108.)

5.  SAME—CONSTRUCTION OF INSTRUCTIONS AS A WHOLE.—Where a railway passenger sued for injuries in being put off beyond his station, and the court charged the jury that if, on account of the infirm physical condition of the plaintiff, he wandered away unattended, and by reason of his *physical* infirmity was thereby injured, then defendant is liable for a fair compensation, the use of the word "physical," instead of *mental,* was not misleading if the meaning of the court, in view of other instructions given, was plain.  (Page 108.)

Appeal from Faulkner Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Lovick P. Miles,* for appellant.

1.  Stating the case most strongly in favor of the appellee, the verdict is manifestly excessive, so much so as to indicate undue passion, prejudice or sympathy for him.

2.  He is not entitled to recover for any damage from cold, rain, mud, or physical fatigue or injury which resulted from his attempt to walk back to Conway.  There is evidence that appellee knew his condition and what he was doing—whence he came and whither bound—and there is no evidence charging appellant with any knowledge of mental impairment.   75 Ark.

479; 3 Thompson, Neg. 2738; 14 Barb. (N. Y.), 585; 4 Thompson, Neg. 2899.

3. In this case, where, in sharp contradiction of two others, a witness detailed a most improbable story of the treatment, it was an abuse of judicial discretion to cut short the cross examination of that witness at the end of about two minutes.

4. It is not contended, nor is there proof, that appellee's infirm physical condition caused him to wander away from Menifee, and there was no law, and no facts to warrant the giving of the third instruction.

*Sam Frauenthal* and *G. W. Bruce,* for appellee.

1. The verdict was not excessive. 67 Ark. 399; 58 Ark. 137; 83 Ark. 6; 56 Ark. 51; 79 Ark. 335.

2. Because of the mental infirmity of appellee. whose mental and physical condition was known to the conductor, as appears by the evidence, he is entitled to recover damages incurred after he left Menifee. 5 Am. & Eng. Enc. of L.. 564 and note 1; 2 Hutchinson on Carriers, § 992; 67 Kan. 512; 75 Ark. 479; 49 N. Y. Supp. 510; 41 La. Ann. 57.

3: There was no abuse of discretion in refusing to permit further cross examination of the witness Sexton. It covered his entire life history, and consumed not less than a half hour.

4. No error in instruction 3; when considered in connection with the court's other instruction that "if the plaintiff knew his condition," etc., he could not "recover any damages for what occurred after he was put off at Menifee and started to walk down the track."

HILL, C. J. William Day, who was suffering from partial paralysis, started from Menlo, Ga., to Conway, Ark., where he was going to reside with his brother, a resident of that place. His paralysis prevented him from being able to walk, and so seriously affected his vocal organs that he was unable to talk intelligibly, and his mind was more or less affected by the disease. There is some difference of opinion as to the extent of his power of speech and mental faculties; but that both were manifestly impaired, and that both of these infirmities were apparent, is fairly deducible from the evidence.

His friends provided his ticket, and assisted him on the train, and pinned upon the lapel of his coat a letter to the conductors and station masters, stating his destination and route, and explaining his condition and asking them to assist him on boarding the right trains and in transferring. This letter was upon his coat at all times in plain sight.

He was carried beyond Conway to Menifee, and walked back from there towards Conway, but fell in a mud hole, and remained there several hours until rescued by some negroes and then carried to the home of his brother. He sued the railroad company for injuries received from being put off the train, and consequent suffering and injuries in attempting to get back to Conway, and recovered judgment for $1,500, and the railroad company has appealed.

The first question presented is the amount of damages; it is claimed that they are excessive. There was testimony tending to prove he was roughly and brutally put off the car, that he was seriously bruised, and that he must have suffered intensely by lying in a mud hole on a cold day. In consequence of this exposure, he had fever and was sick in bed for two months. If the appellant's testimony was true, and the jury has accepted it—and, in fact, there is no contradiction of his suffering and sickness—the verdict is not excessive.

It is next urged that the appellee was not entitled to recover for damages from the cold, rain, mud, physical fatigue, etc., which resulted from his attempt to walk back to Conway. Appellant's argument is that, if he was conscious of his condition, and knew what he was doing, he could not recover for damages resulting from his effort to walk back to Conway, and he seeks to bring the case within the principle of *Jewell* v. *St. Louis, I. M. & S. Ry. Co.,* 82 Ark. 598. But the court, in the 19th instruction, told the jury that "if the plaintiff knew his condition, and understood whence he came and where he was going, then he cannot recover any damages for what occurred after he was put off at Menifee, and started to walk down the track." There is sufficient evidence that his mental condition was such that he did not understand whence he came and where he was going, and there is some testimony that he did understand the situation. The appellant was entitled to have this conflict sub-

mitted to the jury, which was fairly done in this instruction, and, the finding being against it, it is concluded on this issue.

The court further told the jury that, if the conductor told Mr. Day that if he would remain on the train until he got to Plummerville, he would arrange for him to be returned from there, and that he left the train voluntarily at Menifee, then the plaintiff could not recover on account of any thing that occurred at the time and after he left the train at Menifee. Appellant asked this instruction without the word "voluntarily" qualifying his leaving the train, and the court inserted it. The court was right in this modification. There was substantial testimony, not only that Mr. Day did not have the mental capacity to know what he was doing, but that he was forcibly and brutally ejected from the train.

The next point raised is that the court refused to permit appellant's counsel to continue the cross-examination of a witness. As has been often said, reversible error is not predicated upon conduct of the court in terminating a cross-examination unless there is some arbitrary abuse of sound judicial discretion shown. None is discovered here. See *Richardson* v. *State*, 80 Ark. 201; *Treakle* v. *Vaughan*, 83 Ark. 258.

The next point raised is as to the refusal of the court to strike out parts of an answer to questions in depositions. The court fails to find merit in the objection.

The next question raised is as to instruction number 3, given by the court, which will be set out in a footnote.* The

---

* Instruction No. 3 given by the court was as follows: "If you believe from the evidence that the plaintiff was a passenger on the defendant's train from Little Rock to Conway, and that, at the time, the plaintiff was *physically* incapacitated to take care of himself, and that the defendant received and accepted him as such passenger, knowing or having been notified of his said infirm condition, or by same being apparent, and unattended, and the plaintiff, on account of his infirm condition, was carried by his destination, Conway, and to the station of Menifee, and that at the station of Menifee he was told to get off, or put off the train at that station, by the conductor, and that defendant, knowing the physical infirmities of plaintiff, or being notified thereof, did not use due care in putting the plaintiff in some person's care at Menifee, and that, on account of the infirm *physical* condition of the plaintiff, he wandered away from Menifee, unattended, and by reason of his *physical* infirmity was thereby injured, then the defendant is liable for a fair compensation for whatever damage and injury may have resulted therefrom." (Rep.)

appellant has not complied with the rules of court in making the abstract; and if it had not been that the appellee set out the omitted instructions and modified instructions, the court would have been unable to have understood the instructions, and would have disregarded objections to them under the settled practice in this regard. But, as the instructions have been set out by the appellee, and have been considered, the court prefers disposing of them on their merits. The instruction in question is correct, except the last paragraph, and in accord with *Price v. St. Louis, I. M. & S. Ry. Co.*, 75 Ark. 479. The last paragraph, that if, "on account of the infirm physical condition of the plaintiff, he wandered away from Menifee unattended, and by reason of his physical infirmity was thereby injured," etc., contains a mere misuse of the word "physical" for "mental." It is meaningless to ascribe the wandering back to Conway to a physical infirmity, and sensible jurors, taking it as a whole and in connection with the other instructions, could not possibly be misled.

The court is of the opinion that the case was fairly tried, and there is substantial evidence to sustain the verdict.

The judgment is affirmed.