## ROBERTSON *v.* SISK.

### Opinion delivered November 30, 1914.

1.  ASSAULT AND BATTERY—CIVIL ACTION—EVIDENCE OF PREVIOUS INJURIES.
    —In a civil action for damages for assault and battery, evidence
    is admissible to contradict plaintiff as to the time certain injuries
    were received by him, which he testified were inflicted by the de-
    fendant, and it is proper to admit evidence that plaintiff suffered
    from these troubles prior to his being assaulted by the defendant.
2.  ASSAULT AND BATTERY—CIVIL ACTION—LIABILITY.—Defendant will be
    liable in damages to plaintiff where he knocked plaintiff down,
    without any justification or belief that he was protecting himself
    from bodily harm.
3.  ASSAULT AND BATTERY—JUSTIFICATION—BURDEN OF PROOF.—Where it
    is shown that appellee assaulted and beat appellant, the burden
    is upon appellee to show that he was justified in his action.
4.  ASSAULT AND BATTERY—PRESUMPTION—BURDEN OF PROOF—JUSTIFICA-
    TION.—Presumptively no man has the right to inflict an act of per-
    sonal violence upon another, and where it is shown that he has
    done so, the burden is upon him to excuse his act in so doing, un-
    less the evidence which shows the commission of the assault also
    shows facts which justify it.

Appeal from Independence Circuit Court; *R. E.
Jeffery*, Judge; reversed.

STATEMENT BY THE COURT.

Appellant sued to recover damages on account of an
assault committed upon him by appellee, and he prayed
for damages, both compensatory and punitive. In sup-
port of the allegations of his complaint he offered evi-
dence tending to show that he was sixty-two years old,
blind in one eye, and weighed only 118 pounds, and that
he was assaulted and badly beaten by the appellee, who
was a strong, athletic man, weighing about 175 pounds,

and very much younger than appellant. Appellant was pound keeper for a fencing district and, in performing his duties, some differences occurred between him and a negro named Noah Magness, and appellee was present in a blacksmith shop where appellant was narrating his differences with this colored man, whereupon appellee remarked that he thought more of the negro than he did of a lot of white people, and that he believed the negro would tell the truth quicker than a whole lot of white people and, in that connection, charged appellant with having gone into appellee's pasture after his hogs in order that he might impound them. Appellant stated, "Now, that's another one," whereupon appellee knocked him down twice and, after knocking him down the second time, he stamped upon him and kicked him and inflicted personal injuries of a very serious character. The evidence on the part of appellant tends to show that the assault was a brutal one and that appellee was the aggressor throughout.

The evidence upon the part of appellee was to the effect that he heard appellant talking about the colored man and of his differences with him, whereupon one of the bystanders said, "You know I wouldn't hardly believe that old negro," and appellee said, "No, I don't expect he would tell the truth, but I would believe him about as quick as I would some white people," whereupon appellant said, "You are throwing that at me, I suppose," and appellee said, "No, Mr. Robertson, I am not throwing that at you, only you didn't treat me hardly right when you tried to get Louis Clark's dog to dog my pigs," and appellant said, "Now, that is another one you have told," and that he pointed his finger at appellee when he made this statement. That appellant repeated for the third time, the statement, "That is another one you have told," and did this after appellee had asked him not to make that statement, whereupon he struck him and, in that connection, he made the statement, "I hit Mr. Robertson because he disputed my word." Appellee stated that appellant had shaken his finger in his face

angrily, but he admitted that appellant was more than four feet away when this was done. And it was denied on appellant's part that he had shaken his finger at him at all. There was other evidence corroborating and contradicting these statements and appellee admitted he had plead guilty to a charge of assault and battery and had been fined.

At the trial appellant testified to various ailments with which he was then afflicted, all of which he attributed to the beating he had received at the hands of appellee, and, upon his cross examination, he was asked about statements which he had made in regard to these ailments, the purpose of the questions being to show that he had these afflictions before his difficulty with appellee. Among other questions, he was asked about a fight he had had some twenty years previously, and he was asked if he had not stated that he had received certain injuries in that difficulty. Appellant, having denied that he had sustained any of the injuries of which he complained in any manner except as the result of the assault upon him by appellee, the court permitted appellee to introduce evidence tending to show that appellant received certain injuries as the result of the difficulty twenty years previous and, further, that he had stated he was suffering from some of these ailments prior to his difficulty with appellee. It is insisted that these questions were collateral and that appellant's answers should have concluded the inquiry on those subjects.

Appellant requested the court to give instruction numbered 1-A, which reads as follows:

"The evidence is undisputed as to the fact that the defendant committed an assault and battery upon the plaintiff, and no complete justification therefor has been shown; therefore, your verdict should be for the plaintiff in such amount as you may find from a preponderance of the evidence as actual or compensatory damages suffered by him, under the other instructions herein given.

"The question of exemplary or punitive damages is submitted to you under the other instructions herein."

The court refused to give this instruction, and, over appellant's objection, gave instruction numbered 5, which reads as follows:

"Before you would be authorized in returning a verdict for the plaintiff in any amount you should find by a preponderance of the evidence that the injury or injuries alleged were the direct result and were occasioned solely by the blow or blows inflicted by the defendant, and, further, that the defendant was not justified under the law as given in the other instructions in this case, in striking plaintiff."

There was a verdict and judgment for appellee, and this appeal has been duly prosecuted.

*Campbell & Suits,* for appellant.

1. Instruction No. 1-A, requested by appellant, was a correct declaration of the law applicable to the facts in this case, and the court erred in refusing to give it. 106 Ark. 4; 89 Ark. 462; 75 Ark. 232.

2. Instruction 5, given at appellee's request, is not only misleading and confusing, but is positively contrary to the law as applicable to the facts. (1) The declaration, "before you would be authorized in returning a verdict for the plaintiff in any amount," etc., nullifies every correct instruction given by the court, and even if the court had cautioned the jury (which it did not do) to consider the instructions as a whole, this vice would not have been cured. 30 Ark. 376; 37 Ark. 333; 105 Ark. 340. (2) The direction that, before finding for plaintiff, "you should find by a preponderance of the evidence," etc., placed a burden upon appellant which the law, as to the matters mentioned, placed upon the appellee. 125 Fed. 187, and cases cited. (3) It erred in instructing the jury that plaintiff's injuries must have been occasioned *"solely* by the blow or blows inflicted by the defendant;" whereas, if plaintiff was already suffering from injuries and a wrongful assault and battery by appellee aggravated those injuries, the law is he would be liable. (4) It improperly placed upon appellant the burden of

showing affirmatively that appellee was not justified in committing the assault and battery.

*Dene H. Coleman,* for appellee.

1. The court properly refused to give instruction 1-A, requested by appellant, and the cases cited by counsel do not support his contention in this respect. Every material allegation in plaintiff's complaint was *"disputed* by competent evidence," and the evidence of the appellee, to say the least of it, supports, or "tends to support" his theory of self-defense. Where there is any evidence to support an issue, or where a material issue is in dispute, it is error to refuse proper instructions on such issues, or to take the case from the jury. 77 Ark. 556; 70 Ark. 74; 71 Ark. 305; 76 Ark. 468.

2. There is no error in instruction 5. Appellant is bound by his pleadings and his own testimony, and such being the case, his right of recovery would hinge primarily upon the first part of this instruction. The latter part of it refutes appellant's contention in respect thereto, for it specifically directs the jury to look to the other instructions in the case as to their finding of justification.

When all the instructions are read together, as they should be, no reversible error is found. 109 Ark. 575; 75 Ark. 325; 100 Ark. 119.

SMITH, J., (after stating the facts). (1) We think the court committed no error in permitting the introduction of evidence tending to contradict appellant about the character and extent of his injuries and ailments and the length of time he had suffered from them. Appellant was undertaking to show that these ailments resulted from the assault of appellee and was asking compensation on that account, and it was, therefore, proper for appellee to offer evidence tending to show that appellant suffered from these troubles prior to the difficulty.

(2) We think the instruction 1-A, requested by appellant, should have been given, and that the instruction numbered 5, given at the request of appellee, should have been refused. The appellee offered no evidence tending

to wholly justify himself in striking appellant. Appellee does testify that appellant disputed his word and inferentially accused him of having told a lie, and he also testified that appellant shook his finger at him angrily, but he offered no evidence tending to show that appellant was about to assault him and that it was necessary, or appeared to be necessary, for appellee to strike appellant to protect himself from bodily harm. Appellee did testify that he struck appellant to prevent being assaulted, but it is clear from appellee's own statement that he was really under no such apprehension and that no attempt was being made on appellant's part to assault him. We think the fifth instruction was wrong, because it told the jury that, before they would be authorized in returning a verdict for the appellant in any amount, they were required to find, by a preponderance of the evidence, that the injuries alleged were the direct result of, and were occasioned solely by, the blows inflicted by the defendant. It is undisputed that appellant was twice knocked down, and bled profusely, but this instruction told the jury that no compensation could be awarded for that fact unless the injuries and ailments of which appellant complained were occasioned thereby. It is undisputed that appellant's eye was badly bruised as the result of one of appellee's blows, and, although it may be true that none of the serious ailments of which appellant complained resulted therefrom, it does not follow on that account that no damages could be awarded. The jury should have been told to return a verdict for appellant in some sum, and, in addition, should have been given the instructions which were given on the question of compensatory and punitive damages. The question of whether appellant should have recovered anything for punitive damages was, of course, one for the determination of the jury, as was also the question of the amount of compensatory damages, if the jury found that appellant was entitled to anything more than nominal damages. But, certainly, a man can not knock another man down, except to de-

fend himself from bodily harm, without being liable for damages.

(3-4)   The question of the burden of proof as to the justification for the assault was also raised at the trial. And upon that question we think the law is that, it having been shown that appellee assaulted and beat the appellant, the burden was upon appellee to show that he was justified in his action. Presumptively no man has the right to inflict an act of physical violence upon another, and where it is shown that he has done so, the burden is upon him to excuse his act in so doing, unless the evidence which shows the commission of the assault also shows facts which justify it.

For the error indicated the judgment will be reversed and the cause remanded.