## COCA–COLA CO. v. MOORE et al.

(Circuit Court of Appeals, Eighth Circuit. November 7, 1917.)

No. 4905.

1. EVIDENCE ⬧558(1)—EXPERTS—EXAMINATION—CROSS-EXAMINATION.

In an action for legal services in conducting a suit in court, and professional labor, consultations, and advice with respect to it, and two other suits contemplated, but not brought, a witness for plaintiffs was asked his opinion of the reasonable value of the services as a whole, in a hypothetical question which·recited them in an exhaustive detail. The witness testified to a gross sum covering all the services mentioned, and defendant was denied the right to have the witness state on cross-examination his opinion as to the separate value of the services connected with the suits not brought. Held that, as ordinarily the right of cross-examination is not confined to specific questions and details of the direct examination, but extends to the subject-matter inquired about, and as an opportunity for cross-examination is especially essential in cases of expert or opinion testimony, the restriction on defendant's right of cross-examination was improper, though it was contended that all the services were rendered under one contract; it being proper, for the purpose of testing the probative weight of the expert's estimate of value, to deal with the services severally.

2. WITNESSES ⬧329—EXAMINATION—CROSS-EXAMINATION—SCOPE.

Any question is proper that fairly tends to test the accuracy of the opinion of a witness or his credibility, and in asking it the cross-examiner is not confined by the precise form or contents of the question or answer in chief.

In Error to the District Court of the United States for the Eastern District of Arkansas; F. A. Youmans, Judge.

Action by J. M. Moore and others against the Coca-Cola Company. There was a judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Elias Gates, of Memphis, Tenn. (Samuel Frauenthal, of Little Rock, Ark., and Gates & Martin, of Memphis, Tenn., on the brief), for plaintiff in error.

J. H. Carmichael, of Little Rock, Ark. (Charles C. Reid, of Little Rock, Ark., on the brief), for defendants in error.

Before HOOK, SMITH, and STONE, Circuit Judges.

HOOK, Circuit Judge. In an action for legal services in conducting a suit in·court, and professional labor, consultations, and advice with respect to it and also two other suits contemplated, but not brought, a witness for plaintiffs was asked his opinion of the reasonable value of the services as a whole, in a hypothetical question which recited them in exhaustive detail and assumed them to have been performed. In answer the witness testified to a gross sum covering all the services mentioned. The defendant was denied the right to have the witness state upon cross-examination his opinion of the separate value of the services connected with ᵗʰe suits not brought.

⬧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1, 2] The established general rule is that the right of cross-examination is not confined to the specific questions and details of the direct examination, but extends to the subject-matter inquired about. Powers v. United States, 223 U. S. 303, 32 Sup. Ct. 281, 56 L. Ed. 448; Wilson v. United States, 232 U. S. 563, 34 Sup. Ct. 347, 58 L. Ed. 728; De Witt v. Skinner, 146 C. C. A. 437, 232 Fed. 443. An opportunity for thorough cross-examination is especially essential in cases of expert or opinion testimony. 11 R. C. L. 646. Any question is proper that fairly tends to test the accuracy of the opinion of the witness or his credibility, and in asking it the cross-examiner is not confined by the precise form or contents of the question and answer in chief.

We think the ruling of the trial court deprived the defendant of much of the value of the right of cross-examination, even though as contended there was but a single contract of employment, resulting in the bringing of but one suit. The severance of the services was proper for the purposes of cross-examination, and in this case it was the more logical, because of the distinctive recitals in the question in chief. The testing of the probative weight of an expert's estimate of value necessarily requires a liberal latitude of inquiry into the factors and considerations upon which it is based. Of course, there is a reasonable limit to all cross-examinations, which a court should enforce; but we do not think it was approached in this case.

We have thought it best to notice the above matter, although the brief for the plaintiff in error does not fully comply with rule 24 of this court (188 Fed. xvi, 109 C. C. A. xvi).

The judgment is reversed, and the cause is remanded for a new trial.