HELENA COTTON OIL COMPANY *v.* HARRINGTON.

Opinion delivered March 1, 1926.

1. MASTER AND SERVANT—WRONGFUL DISCHARGE—EVIDENCE OF EMPLOYMENT.—In an action by an employee to recover damages for his wrongful discharge, testimony that the plaintiff was employed for a term of years at a fixed salary by defendant's general manager, and that for more than two years defendant paid his salary without question, *held* to justify a finding either that the employment was within the scope of the general manager's authority or that the employment was ratified.

2. WITNESSES—CONTROL OVER EXAMINATION.—Where appellant's counsel excepted to the court's order directing an adverse witness to

stand aside, without requesting to be allowed to continue the cross-examination, no abuse of the court's discretion is shown.

Appeal from Phillips Circuit Court; *E. D. Robertson,* Judge; affirmed.

*Moore, Walker & Moore,* for appellant.

*W. G. Dinning,* for appellee.

SMITH, J. Appellee brought suit against appellant, a domestic corporation, for breach of contract. He alleged in his complaint that on May 31, 1920, he was employed under a written contract of employment to purchase cotton seed for the period of three years from August 1, 1920, at a monthly salary of $150 and traveling expenses, all to be paid monthly. After entering into said agreement, appellee began the performance of his duties, and continued in the performance thereof until November 1, 1922, at which time appellant breached the contract by wrongfully discharging appellee, and that appellee was unable to secure employment during the unexpired period covered by his contract, wherefore he sued.

The testimony of appellee fully sustained the allegations of the complaint. The contract was offered in evidence, and was signed for appellant by E. B. Burke, the general manager, who was also the secretary and treasurer.

In its answer appellant alleged that Burke had no authority to make the contract, and that appellee had failed to discharge the duties for which he had been employed. This last defense, having been passed upon by the jury, is not insisted upon on this appeal.

The president and vice-president of appellant company testified that they had no knowledge of the execution of the contract in question until about the time appellee was discharged, and that Burke had no authority to employ appellee, except from month to month, and that only the directors of appellant company had this authority. There was no showing, however, that appellee had any knowledge that any such limitation had been

placed upon the authority of Burke, as general manager of the appellant company.

No objection is made to the instructions under which the case was submitted to the jury, and we think the testimony, a brief summary of which is set out above, is legally sufficient to support the finding of the jury that the appellant company ratified the act of its general manager in executing the contract of employment. According to appellee, it was the custom of cotton oil companies like appellant to employ purchasing agents for a period of not less than a year, which begins and ends on August 1. Appellee's salary was paid regularly until the time of his discharge. The directors and managing officers of the appellant company knew that appellee had been employed and was receiving a salary, which was paid for more than two years of the time covered by the contract. No inquiry appears to have been made of appellee by the directors, or other officers of appellant, concerning the terms of his employment. We conclude therefore that the jury was warranted in finding that, if it was not within the apparent scope of the authority of appellant's general manager to execute the contract sued on, the contract was ratified by the acquiescence of the officers possessing the authority.

During the cross-examination of appellee the following colloquy occurred between the court and counsel for appellant. The court inquired of counsel: "Have you anything further to ask the witness? Stand aside, we can't wait all day." Counsel said: "I except to the court directing the witness to stand aside." The court said: "The court feels that the record will show that the court excused the witness because attorneys for the defense declined to proceed further with the examination." Counsel replied: "And further show that the attorneys were consulting with the client." The court responded: "And among themselves."

The record recites that: "To which action of the court the attorneys for the defendant excepted and caused said exceptions to be noted of record."

We do not think it appears, from the facts set out above, that there was any refusal on the part of the court to permit a reasonable and proper cross-examination of appellee as a witness. Counsel for appellant had asked appellee a number of questions, when the examination ceased, and counsel for appellant conferred among themselves. It will be observed that the court did not order the witness to stand aside until after the inquiry had been made if counsel had any further questions to ask the witness, and counsel did not request to be allowed to continue the cross-examination, but contented himself by objecting and saving an exception to the action of the court in directing the witness to stand aside. While it is, of course, the duty of a trial judge to permit a full, fair and reasonable cross-examination of any witness in a case, the court has a discretion in the exercise of this right, and we think no abuse of this discretion was shown.

As no error appears, the judgment must be affirmed, and it is so ordered.