PETERSON *v.* JACKSON.

4-4579

Opinion delivered March 29, 1937.

*E. W. Brockman,* for appellant.

*McClellan & McClellan,* for appellee.

BUTLER, J. Roy Jackson, the appellee, brought suit against the appellant to recover damages for assault and battery and was awarded a judgment in the sum of $300, to reverse which this appeal is prosecuted. The contention for reversal is based upon alleged errors of the trial

court in permitting the appellee to interrogate the appellant on cross-examination regarding previous difficulties and giving improper declarations of law at the request of the appellee.

The appellant maintained a dance hall at his home and the appellee and his brother, Henry Jackson, were the musicians who played regularly for the dances except on a few occasions. They received a certain compensation for their services. On the night of April 11, 1936, there was to be a dance and appellee arrived after the dance had begun. Just what his condition was and what happened after he arrived at the home of the appellant is in dispute. The testimony on the part of appellant tended to show that he was more than slightly intoxicated and was indulging in profane and vulgar language in the presence of those who had gathered for the dance. It was also in evidence that appellee resented the attentions his brother was paying to a certain lady whose favors he desired for himself alone. This lady was dancing with appellee's brother and he interfered and an altercation between them resulted. The appellant intervened, but contends that he did not use any violence, only endeavoring to keep the peace. However, he became entangled with the appellee in such a manner that they fell to the floor together and, in some way, appellee's leg was broken. Appellant, at first, did not know of the injury, but as soon as he learned about it he attempted to offer first aid.

The evidence introduced on behalf of appellee contradicts that of appellant's witnesses as to his intoxication and unseemly conduct and tends to establish the fact that appellant interfered in a violent manner, knocking appellee to the floor with a blow of his fist and "stomping" on him while he was on the floor, and thus breaking his leg.

The appellant, testifying in his own behalf as to the relations existing between him and the appellee and as to the manner in which appellee's leg was broken, stated in effect that he and appellee were on friendly terms and that he and the appellee and appellee's brother shared equally in the money made from the dances; that when

he interfered between appellee and Henry Jackson, it was only for the purpose of keeping peace and used no more force than appeared reasonably necessary to him to accomplish that result. He denied emphatically that he struck appellee with his fist or that he stomped him when he was down on the floor. On cross-examination, appellant was asked by counsel for appellee if he had not, shortly before the altercation involved occurred, "beat up little Tobe Guinn." On objection being made, the trial court observed: "This is on cross-examination and Mr. McClellan (appellee's attorney) is bound by the answer." Witness then answered that he had never had any trouble with Guinn and did not beat him up. Appellant was asked if he had not beaten up one, Dick McAlpin, for which assault he had been convicted and paid a fine. Objection was made and, in overruling the objection, the court stated that the jury could consider this testimony as touching the credibility of the witness. Appellant admitted that he had struck McAlpin, but attempted to justify this act, though admitting that he had been convicted and that he paid a fine. He was also asked about a difficulty he had had with another person and he admitted that he had struck this man. We think this cross-examination not improper. When a defendant in a lawsuit takes the stand he is to be treated as any other witness and a wide latitude is permitted in cross-examination as to questions tending to establish facts contradicting his defense or to impeach his credibility as a witness.

We perceive no abuse of the trial court's discretion and are of the opinion that the questions and admissions tended to show that appellant was a man of violent and turbulent disposition which was a matter for the consideration of the jury in weighing appellant's testimony and testing his credibility as a witness.

The appellee requested, and the court gave, instructions Nos. 1, 2, 3, 4, 5 and 7. Instruction No. 1 told the jury that if defendant (appellant) assaulted plaintiff (appellee) he would not be justified because plaintiff was about to get into a fight with another person. A general objection was made to this instruction.

Instruction No. 2 was to the effect that no person has a right to assault another except in defending himself or his family from bodily harm or the taking of their lives. To this instruction, a general objection was made and a specific objection to the phrase "defending himself or his family from bodily harm or the taking of their lives."

Instruction No. 3 told the jury in effect that if appellee was employed by the appellant to play music at the dance, or that appellant was conducting a dance which was open to the public and making charges for dancing, appellee had a right to be at appellant's place. This instruction was generally and specifically objected to on the ground that it was an instruction on the weight of the testimony.

Instruction No. 4, to which a general objection was made, told the jury that if it should find that appellee was assaulted by the appellant, the burden was on appellant to show justification.

Instruction No. 5 related to the measure of damages and was given over the general objection of the appellant.

Instruction No. 7 was to the effect that, if the jury should find from a preponderance of the evidence that the appellee was defending himself in the altercation with his brother, the appellant would not be justified in assaulting the appellee.

We are of the opinion that while some of the instructions complained of may not have been accurate declarations of law, they were not inherently erroneous or in conflict with instructions given at the request of the appellant and that the specific objections made did not sufficiently suggest their defects.

We do not set out instruction No. 5, given at the request of the appellee, on the measure of damages, because we think it is in effect substantially such as we have frequently approved. The criticism of this instruction is that it did not tell the jury that "it must appear from the evidence what damage, if any," was sustained; also, that the testimony did not support the instruction in that there was no evidence as to the amount of the medical bills or the value of appellee's loss of time. The instruction submits to the jury the question of whether or not dam-

ages were sustained for bodily injuries and the other elements tending to show damage, and while it is true no proof was made relating to the amount of the medical bills or the value of appellee's lost time, this was not prejudicial as the evidence as to the injuries inflicted amply sustains the amount awarded by the jury.

Instruction No. 7, we think, is a correct declaration of law, as held by this court in the case of *Robertson* v. *Sisk*, 115 Ark. 461, 171 S. W. 880, and cited by the appellee. The defense tendered by appellant was (1) that the injury to appellee was the result of an accident and (2) that he had the lawful right to maintain the peace in his home and that in his effort to do so he exercised no more force than was reasonably necessary. On these theories, the trial court gave ten instructions at the request of appellant which stated the law in a light as favorable to the appellant as he might expect and in effect gave the converse of instructions given at the request of appellee which have heretofore been discussed. We refrain from discussing the cases cited by appellant for the reason that the principles involved are well settled, and, as the verdict of the jury is sustained by ample evidence, the judgment will be affirmed.