ARKANSAS STATE HIGHWAY COMM'N v.
WILLIAM J. DEAN ET AL

5-5032 447 S. W. 2d 334

Opinion delivered December 1, 1969

718

*Thomas B. Keys* and *Billy Pease,* for appellant.

*Clark, Clark & Clark* and *Guy H. Jones,* for appellees.

JOHN A. FOGLEMAN, Justice. This is a sequel to *Arkansas State Highway Commission* v. *Dean,* 244 Ark. 405, 425 S. W. 2d 306. On that appeal we reversed because of the failure of the trial court to give an instruction relating to the duty of appellees to minimize dam-

ages sustained by reason of a partial taking of their lands. Although that issue was not before the court on retrial, we find reversible error in the limitation imposed by the trial judge upon appellant's cross-examination of C. V. Barnes, an expert witness on real estate values. Barnes was the first witness called by appellees to establish the amount of compensation due them in this eminent domain action. He detailed impressive qualifications. He related the results of extensive investigations pertaining to this property, the factors influencing market values in the community generally and of the property of appellees specifically. He stated that the entire tract of 85.55 acres had a fair market value of $260,000 before the taking of 11.04 acres for the construction of Interstate Highway No. 40, but that the lands thereafter remaining had a value of only $174,000. Barnes obtained a list of 250 real estate sales that had taken place in the Conway community. On direct examination, he stated that he attributed $86,000 in damages to the lands of appellees as a result of his studies of these market sales.

The burden of demonstrating that there was no reasonable basis for the opinion of this witness, or the weakness of its basis, then devolved upon appellant. *Arkansas State Highway Commission* v. *Stobaugh,* 247 Ark. 231, 445 S. W. 2d 511; *Arkansas State Highway Commission* v. *Clark,* 247 Ark. 165, 444 S. W. 2d 702; *Arkansas State Highway Commission* v. *Sargent,* 241 Ark. 783, 410 S. W. 2d 381. In an effort to meet this burden, its attorney commenced a line of inquiry to determine whether the real estate sales considered by the witness involved lands comparable to those of appellees. After the witness had related the details of the sale of a one-acre tract and of a two-acre tract, and had stated that he did not consider two other sales because he did not feel that they represented fair market transactions, he was asked if he had another sale. After the trial judge interjected an inquiry as to the attorney's purpose in

asking about these sales, a hearing in chambers was had. There the judge informed appellant's attorney that he was exercising his judicial discretion and limiting the examination of the witness about particular sales as repetitious unless another matter was brought to the court's attention. When the circuit judge recalled that the witness said that he considered 250 sales about each of which counsel might inquire, appellant's attorney asked if he might be permitted to ask the witness about the 15 sales that aided him most in arriving at his valuations. Even though appellees' counsel suggested that appellant's attorney inquire about 25 of these sales on which the witness relied, the judge ruled that he would exercise his discretion to limit cross-examination on any particular point. He added that it seemed to him that a point of exhaustion had been reached on the point of comparable sales.

A trial judge has the power and duty to exercise a reasonable control over the mode of interrogation of a witness and to stop production of further evidence on any point when the evidence theretofore produced is so full as to preclude reasonable doubt. Ark. Stat. Ann. § 28-703 (Repl. 1962). There is no reversible error in a court's termination of cross-examination, unless there is an abuse of sound judicial discretion. *Bartley* v. *State,* 210 Ark. 1061, 199 S. W. 2d 965; *St. Louis, I. M. & S. Ry. Co.* v. *Day,* 86 Ark. 104, 110 S. W. 220. Yet this discretion is not unlimited. See *Rooks* v. *State,* 199 Ark. 1188, 136 S W. 2d 481. It is the duty of the trial judge to permit a full, fair and reasonable cross-examination of a witness. *Helena Cotton Oil Co.* v. *Harrington,* 170 Ark. 654, 280 S. W. 630. Efforts of a trial court to expedite disposition of business before it is commendable and should be encouraged, but the right of a litigant to fully and properly cross-examine an adverse witness is more important and should not be abridged, even for the sake of expedition. *Trammell* v. *State,* 193 Ark. 21, 97 S. W. 2d 902.

The proper cross-examination of a witness is the

most effective attack that can be made upon his credibility and the best means of diminishing the weight which might be accorded his testimony. A wide latitude is permitted in cross-examination as to questions tending to impeach the credibility of a witness or in eliciting matter for consideration of the jury in weighing the testimony. *Peterson* v. *Jackson,* 193 Ark. 880, 103 S. W. 2d 640. Where the testimony of a witness is opinion evidence, it is essential that opportunity for thorough cross-examination be accorded. *Coca-Cola Co.* v. *Moore,* 246 F. 942 (8th Cir. 1917). Courts should be especially liberal in allowing full and complete examination of an expert witness. *Arkebauer* v. *Falcon Zinc Co.,* 178 Ark. 943, 12 S. W. 2d 916; *Coca-Cola Co.* v. *Moore, supra; Cropper* v. *Titanium Pigment Company, Inc.,* 47 F. 2d 1038, 78 A. L. R. 737 (8th Cir. 1931); *Adams* v. *Ristine,* 138 Va. 273, 122 S. E. 126, 31 A. L. R. 1413 (1924); *Stemons* v. *Turner,* 274 Pa. 228, 117 A. 922, 26 A. L. R. 727 (1922); Annot., 17 Am. & Eng. Ann. Cas. 4 at 18 (1910).

In *Coca-Cola Co.* v. *Moore, supra,* a case arising in the Eastern District of Arkansas, the Eighth Circuit Court of Appeals aptly said:

"* * * The testing of the probative weight of an expert's estimate of value necessarily requires a liberal latitude of inquiry into the factors and considerations upon which it is based."

We find the language of the Kansas Supreme Court in *Bourgeois* v. *State Highway Commission,* 179 Kansas 30, 292 P. 2d 683 (1956) applicable. That court reversed a judgment in an eminent domain proceeding because of undue limitations on cross-examination of expert value witnesses. It said:

"* * * but appellant had the right on cross-examination to test the credibility of the testimony of the witnesses by asking qualifying questions as to the

extent of the knowledge on the part of each witness, and as to each and every element that such witness took into consideration in arriving at his opinion of the value of the property. * * * On cross-examination great latitude is necessarily indulged in order that the intelligence of the witness, his powers of discernment and his capacity to form a correct judgment may be submitted to the jury so it may have an opportunity for determining the value of his testimony. * * *'' (Citations omitted.)

The burden imposed upon appellant to demonstrate the lack of basis for this witness' opinion, or the weakness thereof, was quite heavy in view of the witness' qualifications and studies. For this reason, the latitude of permissible cross-examination should have been great. In *Huffman* v. *City of Hot Springs,* 237 Ark. 756, 375 S. W. 2d 795, in holding that a limitation on cross-examination was error, we adopted a statement from 98 C. J. S. 125, Witnesses § 372 which reads, in part:

''* * * The purpose of cross-examination, however, is not limited to bringing out a falsehood, since it is also a leading and searching inquiry of the witness for further disclosure touching the particular matters detailed by him in his direct examination, and it serves to sift, modify, or explain what has been said, in order to develop new or old facts in a view favorable to the cross-examiner. The object of cross-examination, therefore, is to weaken or disprove the case of one's adversary, and break down his testimony in chief, test the recollection, veracity, accuracy, honesty, and bias or prejudice of the witness, his source of information, his motives, interest, and memory, and exhibit the improbabilities of his testimony.''

We have no alternative to holding that the strict limitation imposed was an abuse of the trial court's discretion. We do not mean to say that the court should

have permitted a detailed interrogation about each of the 250 sales studied by Barnes. Yet neither the appellant's offer to limit examination on sales, nor the suggestion of limitation by appellees' attorney would have permitted an unreasonable extension of cross-examination on this important feature of the determination of the amount of just compensation.

On the previous appeal we held that there was error, on the record then before us, in the failure of the trial court to instruct the jury not to consider the Collier tract (39 of the 85.55 acres owned by appellees) either as to benefits or damages, because it was purchased by appellees with knowledge that the possible taking by appellant would leave it without access. Yet, we were unwilling to say that the Collier tract should be eliminated from consideration as a matter of law under any and all circumstances which might arise on retrial. Appellant made no objection in the trial court to an instruction which submitted this issue to the jury, nor does it assert error here because of this.

We do not reach appellant's point asserting that the jury verdict of $108,000 was excessive and not based upon substantial evidence. We cannot anticipate that the evidence or the verdict will be the same upon a retrial. Therefore, no useful purpose would be served by any discussion of this point.

Because of the error indicated, the judgment is reversed and the cause remanded for a new trial.

BYRD, J., not participating.