# ARKANSAS STATE HIGHWAY COMMISSION
## *v.* Jess BELT et ux

76-32                                    537 S.W. 2d 378

Opinion delivered June 14, 1976

*Thomas B. Keys* and *Robert E. Diles,* for appellant.

*Lonnie C. Turner* and *Warner & Smith,* for appellees.

GEORGE ROSE SMITH, Justice. In this condemnation suit
the highway department is taking 16.07 acres of Mr. and
Mrs. Belt's 78.7-acre tract. The jury fixed just compensation
at $10,000. For reversal the condemnor argues that it should
have been permitted to show, by cross-examining Mr. Belt,
that five years after the taking the Belts sold eight of their
remaining acres for $35,000. We agree with the condemnor.

On direct examination Belt testified to "before and

after" values of $40,000 and $25,000, entitling the Belts to $15,000. On cross-examination counsel asked if Belt had not listed part of his remaining land for sale. Upon objection to that question the trial judge directed that the matter be heard in chambers. There, after some discussion, the judge announced that he would allow proof of a sale within a year or two after the taking, but a sale four or five years after the taking would be too remote.

We infer that neither attorney knew the details of the sale, which apparently was not a matter of record. Belt was brought into chambers and testified, upon further cross-examination, that about five years after the taking he had contracted to sell eight of the remaining acres for $35,000. The court adhered to its ruling that the sale was too remote.

The court was mistaken in excluding the transaction solely because it occurred five years after the taking. Many circumstances might be pertinent to the issue of remoteness. The appellees argue, for instance, that all property near the Arkansas River was shown to have been rising in value and that the condemnor failed to prove similarity between the 8-acre tract and the 16.07 acres being condemned. Such considerations, however, were open to further exploration with regard to their bearing upon the issue of remoteness. Inasmuch as the matter of the 8-acre sale arose somewhat abruptly upon cross-examination, the condemnor could not be expected to make a proffer of proof with respect to all related facts. See our discussion in *Washington Nat. Ins. Co.* v. *Meeks*, 249 Ark. 73, 458 S.W. 2d 135 (1970).

There is also the pertinent issue of credibility. Belt had testified that he had sustained a loss of $15,000 as a result of the condemnation. He had valued the remaining 62.63 acres at $25,000 as of the date of the taking. Yet, before the trial, he had sold only 8 of those acres for $35,000. It may be, as counsel argue, that the enhancement in value was attributable to something other than the highway construction project for which the land was being taken. But there is no unfairness in requiring Belt to explain to the jury the apparent inconsistency in his positions as condemnee and as seller. Needless to say, the testing of credibility is one of the basic reasons for allowing counsel wide latitude in cross-

examination. *Arkansas State Highway Commn.* v. *Dean,* 247 Ark. 717, 447 S.W. 2d 334 (1969).

Reversed.