Pamela F. SKOKOS *v.* Theodore C. SKOKOS

95-1029                                968 S.W.2d 26

Supreme Court of Arkansas
Opinion on granting of rehearing delivered June 4, 1998

*Henry Hodges* and *Staley & Marshall,* by: *Robert L. Robinson, Jr.,* for appellant.

*Dover & Dixon, P.A.,* by: *Judson C. Kidd,* for appellee.

DAVID NEWBERN, Justice. Pamela F. Skokos, the appellant, and Theodore C. Skokos, the appellee, each have filed a petition for rehearing following our decision in *Skokos v. Skokos,* 332 Ark. 520, 968 S.W.2d 26 (1998). The parties seek to clarify whether, upon remand, the Chancellor should redetermine the fair market

value of their shares in the Little Rock Cellular Partnership ("the Little Rock company") in addition to the value of their shares in Atlantic Cellular/New Hampshire RSA One, Limited Partnership ("the New Hampshire company"). In a separate motion, Ms. Skokos asks for her costs and attorney's fees on appeal.

We grant Ms. Skokos's petition for rehearing and hold that the Chancellor shall redetermine the value of the parties' shares in *both* cellular-telephone companies. We deny Ms. Skokos's motion for costs and attorney's fees.

### 1. Shares in cellular-telephone companies

In *Skokos v. Skokos, supra,* we held that the Chancellor abused her discretion when she excluded the testimony of Matthew Fox, Ms. Skokos's expert witness, regarding the fair market value of the parties' shares in the New Hampshire company. We reversed the Chancellor's determination of the value of those shares and remanded for a new hearing.

Ms. Skokos raised an additional argument, however, that the Chancellor had erred by terminating her cross-examination of Thomas Buono, Mr. Skokos's expert witness. Mr. Buono had testified to the value of the parties' shares in the New Hampshire company and the Little Rock company. The Chancellor interrupted Ms. Skokos's counsel's cross-examination of Mr. Buono and allowed Mr. Buono to leave the courtroom in order to board an airline flight. Ms. Skokos argued that the ruling constituted an abuse of discretion and required reversal. We concluded that it was unnecessary to address the point in view of our holding with respect to the exclusion of Mr. Fox's testimony.

It was error for us to have concluded that our reversal on the point concerning Mr. Fox's testimony would resolve the question whether the value of the parties' shares in both cellular-telephone companies was required to be relitigated on remand. As Mr. Fox's testimony addressed only the New Hampshire company, the reversal on the basis of the failure to allow him to testify has no effect upon the valuation of the Little Rock company. It was, therefore, necessary for us to address Ms. Skokos's point concerning the Chancellor's decision to truncate the cross-examina-

tion of Mr. Buono. We grant rehearing on this point and hold that the Chancellor abused her discretion when she terminated the cross-examination.

Our cases require a trial judge "to permit a full, fair and reasonable cross-examination of a witness." *Arkansas State Hwy. Comm'n v. Dean,* 247 Ark. 717, 720, 447 S.W.2d 334, 336 (1969), *citing Helena Cotton Oil Co. v. Harrington,* 170 Ark. 654, 280 S.W. 630 (1926). "Courts should be especially liberal in allowing full and complete examination of an expert witness." *Id.* at 721, 447 S.W.2d at 336, *citing Arkebauer v. Falcon Zinc Co.,* 178 Ark. 943, 12 S.W.2d 916 (1929).

Here, the Chancellor terminated the cross-examination of an expert witness in order to facilitate the witness's travel plans. It also appears that the Chancellor's decision was motivated by a desire to expedite the proceedings. Although neither concern is trivial, "the right of a litigant to fully and properly cross-examine an adverse witness is more important and should not be abridged, even for the sake of expedition." *Arkansas State Hwy. Comm'n v. Dean,* 247 Ark. at 720, 447 S.W.2d at 336, *citing Trammell v. State,* 193 Ark. 21, 97 S.W.2d 902 (1936).

Thus, we hold that the Chancellor abused her discretion by (1) excluding Mr. Fox's testimony, and (2) terminating Ms. Skokos's cross-examination of Mr. Buono. Therefore, on remand, the Chancellor shall redetermine the fair market value of the parties' shares in the New Hampshire company *and* the Little Rock company.

### 2. Costs and attorney's fees

Ms. Skokos's separate motion requests an award for appeal costs under Ark. Sup. Ct. R. 6-7 and an award for attorney's fees for services performed by her counsel on appeal. We deny her motion.

According to Ark. Sup. Ct. R. 6-7(d), we "may assess appeal costs according to the merits of the case" where, as here, the appeal arises from a chancery court and the decree is affirmed in part and reversed in part. In addition, we have inherent author-

ity in divorce cases to award attorney's fees for services rendered on appeal. *See Jones v. Jones,* 327 Ark. 195, 938 S.W.2d 228 (1997). *See generally* HOWARD W. BRILL, ARKANSAS LAW OF DAMAGES § 11-6, at pp. 165-66 (3d ed. 1996).

■ The points of appeal on which Ms. Skokos prevailed are important ones, but there are others on which she did not prevail. In addition, Ms. Skokos has given us no invoices or hourly fee figures upon which to calculate attorney's fees. Finally, although we declined to mention it in our initial opinion, we considered the abstract of the record presented by Ms. Skokos to have been repetitious and otherwise excessive, although not "flagrantly deficient." *See* Ark. Sup. Ct. R. 4-2(b)(3). We deny the motion and direct that each party will be responsible for his or her own costs and attorney's fees.