Cite as 2024 Ark. App. 232

# ARKANSAS COURT OF APPEALS

DIVISIONS III & IV
No. CV-23-158

| | |
|---|---|
| | Opinion Delivered April 3, 2024 |
| PORTER'S COMMERCIAL REFRIGERATION, INC. | |
| APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CV-23-39] |
| V. | |
| | HONORABLE SUSAN WEAVER, JUDGE |
| DANNY A. BREWER, JASON SPEARS, AND NATURAL STATE SUPERMARKET REFRIGERATION, LLC | |
| APPELLEES | AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

**MIKE MURPHY, Judge**

Appellant Porter's Commercial Refrigeration, Inc. (Porter), appeals the decision of the Faulkner County Circuit Court denying its request for a preliminary injunction. Porter further argues that the circuit court erred when it limited Porter's ability to cross-examine witnesses. We affirm insofar as the cross-examination is concerned; we reverse and remand, however, the denial of injunctive relief.

Porter sells, installs, and repairs commercial refrigeration equipment. On January 11, 2023, Porter filed this action against two of its former employees, appellees Danny Brewer and Jason Spears, and their company, Natural State Supermarket Refrigeration, LLC (Natural State), alleging violation of noncompete agreements it held with Brewer and Spears, respectively. Brewer and Spears resigned from Porter in December 2022, formed Natural State, and then entered into a contract with one of Porter's customers for a job in Tennessee.

As a part of that action, Porter requested a preliminary injunction. An ex parte temporary restraining order was entered the next day. On January 20, the appellees moved to dissolve the temporary restraining order. The motion for preliminary injunction and the motion to dissolve were addressed together at a single hearing on January 24.

At the outset of the hearing, both parties were told they would have an hour each, and they would proceed on Porter's motion first. In the interest of time and considering the overlapping witnesses and arguments, the parties agreed that Porter would conduct its direct examination of its witnesses, and the appellees, during their opportunity to cross-examine those witnesses, could also conduct their direct examination. The court kept time of how long each attorney spent examining witnesses and making arguments, and all parties were aware of how much time they had remaining to them throughout the two-hour hearing. The court was clear that it would adhere to the time limits set.

At the conclusion of the hearing, the court invited the parties to submit posttrial briefs, which they did. On January 26, the court entered an order explaining that to issue a preliminary injunction, it must consider whether irreparable harm—that is, harm that cannot be cured by monetary damages or in a court of law—would result in the absence of an injunction and that Porter had failed to demonstrate any harm that was irreparable.

Porter makes two arguments on appeal: first, that the circuit court erred as a matter of law when it failed to consider the covenant-not-to-compete statute found at Arkansas Code Annotated section 4-75-101 (Repl. 2023) as it relates to what constitutes irreparable harm; and second, that the circuit court erred in limiting Porter's ability to cross-examine witnesses

at the hearing. We agree that the circuit court erred in not considering the statute when making its ruling, and we reverse and remand to allow the circuit court the opportunity to review its findings and conclusions considering the correct standard. We disagree with Porter that the circuit court abused its discretion regarding the cross-examination issue, however, so the circuit court need not take any additional testimony—it may make its ruling on the record before it.

## I. *Injunctive Relief*

An order denying injunctive relief is reviewed de novo on appeal and will not be reversed unless there has been an abuse of discretion. *United Food & Com. Workers Int'l Union v. Wal-Mart Stores, Inc.*, 353 Ark. 902, 906, 120 S.W.3d 89, 92 (2003). The grounds for establishing the right to an injunction are straightforward, but the analysis becomes layered in the context of allegations regarding breaches of noncompete agreements executed after 2015. For Porter to be afforded injunctive relief pursuant to Arkansas Rule of Civil Procedure 65, the circuit court must consider two issues: (1) whether irreparable harm will result in the absence of an injunction or restraining order, and (2) whether the moving party has demonstrated a likelihood of success on the merits. *Mounce v. Jeronimo Insulating, LLC*, 2021 Ark. App. 195, at 7, 625 S.W.3d 367, 372.

At common law, "irreparable harm" means harm that cannot adequately be compensated by money damages or otherwise redressed in a court of law; it is the touchstone of injunctive relief. *Lamb & Assocs. Packaging, Inc. v. Best*, 2020 Ark. App. 62, 595 S.W.3d 378. But in 2015, the legislature codified Arkansas's law pertaining to noncompete

agreements in Arkansas Code Annotated section 4-75-101. Subdivision (e)(2) provides that "[t]he immediate harm associated with the breach of a covenant not to compete agreement shall be considered irreparable to establish the appropriateness of a preliminary injunction."

This means that a party seeking a preliminary injunction concerning a noncompete agreement executed after 2015 can establish irreparable harm by establishing immediate harm associated with a breach of the noncompete. This contemplates harm that *can* be fixed with monetary damages or redressed by a court. The statute gives courts an avenue to grant a restraining order and limit the damages a party suffers when a party can also demonstrate a likelihood of success on the merits because actions for damages in this setting are often inadequate due to "the extreme difficulty in determining the amount of damage caused by loss of business." *Bailey v. King*, 240 Ark. 245, 249, 398 S.W.2d 906, 908 (1966).

In the case before us today, the court found as follows:

1. AJ & K Operating Co, Inc. v. Smith[1] states:

   (a) "In determining whether to issue a preliminary injunction or temporary restraining order, the Court must consider: (1) **whether irreparable harm will result in the absence of an injunction or restraining order**, and (2) **whether the moving party has demonstrated a likelihood of success on the merits.**"

   (b) "In order for there to be irreparable harm sufficient to support a temporary restraining order, **the harm must be such that it cannot be adequately addressed by money damages or in court of law.**"

2. Plaintiff has failed to show that irreparable harm will result in the absence of a temporary restraining order, specifically how this type of harm is "irreparable".

---

[1] The order does not provide the citation, but it can be readily determined to be *AJ&K Operating Co. v. Smith*, 355 Ark. 510, 520, 140 S.W.3d 475, 482 (2004).

(Emphasis in original.)

Both parties discussed Arkansas Code Annotated section 4-75-101 in the invited posttrial briefs, but the court failed to consider it in making its ruling. It is clear from the record the court analyzed the facts considering only the common-law definition. The court therefore erred by failing to apply the applicable statute.

An appellate court may, as part of its de novo review, conclude that the evidence supports a circuit court's decision despite the absence of specific findings on an issue. *See Hamilton v. Barrett*, 337 Ark. 460, 989 S.W.2d 520 (1999). However, when a circuit court relies on an incorrect assumption of law in reaching its decision, it is appropriate for this court to reverse and remand the case for the circuit court to make further findings. *Bud Anderson Heating & Cooling, Inc. v. Neil*, 2018 Ark. App. 183, at 8, 545 S.W.3d 819, 823–24. In *Bud Anderson Heating & Cooling, Inc.*, we wrote that when the language of the court order "clearly demonstrates that the court was applying" the incorrect standard, the appropriate solution was to reverse and remand for the circuit court to apply the correct standard. *Id.*, 545 S.W.3d at 823.

## II. *Cross-Examination*

Porter's second point on appeal was that the circuit court erred in limiting its ability to cross-examine witnesses at the hearing. As previously explained, the court kept the parties' time to one hour each. Porter's counsel spent fifty-three of his sixty minutes questioning Brewer. Porter went along with the time limitation placed on the parties the entire case, and it was only once counsel ran out of time and was unable to cross-examine four of the

appellees' witnesses did counsel object. When counsel did object, he explained that "just for purposes of the record, I will state my objection on the inability to cross examine the witness." The court replied, "You had the ability. You used up your time on another witness." On appeal, Porter explains that it was not permitted a full, fair, and reasonable opportunity to redirect one of its witnesses and cross-examine the others.

There is no reversible error in a court's termination of cross-examination unless there is an abuse of sound judicial discretion. *Ark. State Highway Comm'n v. Dean*, 247 Ark. 717, 720–21, 447 S.W.2d 334, 336–37 (1969). An abuse of discretion means discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration. *Dace v. Doss*, 2017 Ark. App. 531, at 2, 530 S.W.3d 893, 896. A circuit court may exercise reasonable control over the mode of interrogation of witnesses under Rule 611 of the Arkansas Rules of Evidence. And courts are allowed "wide latitude to impose reasonable limits on cross-examination based on concerns about harassment, prejudice, waste of time, confusion of issues, or interrogation that is repetitive or only marginally relevant." *Jackson v. State*, 2018 Ark. App. 222, at 8, 547 S.W.3d 753, 758.

Given this wide latitude, we hold that it was not an abuse of discretion for the court to hold the parties to the time set. The court was not limiting Porter's ability to examine witnesses; it was exercising its control over the proceedings. The court explained that it was limiting the time each party had to the time for which the trial was set, and Porter never requested a continuance. We affirm this point on appeal.

III. *Conclusion*

6

Because we hold that it was not an abuse of discretion to manage the hearing and the parties' time, it is not necessary for the circuit court to take further testimony. Accordingly, on remand, the circuit court is instructed to review the record before it and make findings of fact and conclusions of law on Porter's request for a preliminary injunction considering Arkansas Code Annotated section 4-75-101.

Affirmed in part; reversed and remanded in part.

HARRISON, C.J., and ABRAMSON, VIRDEN, THYER, and WOOD, JJ., agree.

*The Jiles Firm, LLP*, by: *Gary D. Jiles* and *Matthew K. Brown*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Clayborne S. Stone* and *Devin R. Bates*, for appellees.